Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Division

|  |  |
|---|---|
| Kristal Wortham | Case: 1:24−cv−01018    JURY DEMAND<br>Assigned To : Unassigned<br>Assign. Date : 4/7/2024<br>Description: Pro se. Gen. Civ. (H−Deck) |

Kristal Wortham

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY (WMATA)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

   **A.    The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Kristal Wortham |
   | Street Address | 1110 Sargeant Street |
   | City and County | Baltimore |
   | State and Zip Code | Maryland 21223 |
   | Telephone Number | 202-599-0297 |
   | E-mail Address | kristalwortham@yahoo.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Patricia Y. Lee on behalf of |
| Job or Title *(if known)* | Chief Legal Officer and General Counsel |
| Street Address | WMATA, 300 7th Street S.W. |
| City and County | Washington |
| State and Zip Code | D.C. 20024 |
| Telephone Number | 202-962- |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number

E-mail Address *(if known)*

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Kristal Wortham |
| Street Address | 14310 Brandywine Road |
| City and County | Brandywine, Prince George's County |
| State and Zip Code | MD 20613 |
| Telephone Number | 202-599-0297 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☒    Other acts *(specify)*:    Plaintiff was subjected to an array of discrimination, sexual harassment, stalking, emotional distress, and assault

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Between summer of 2022 to approximately December 14, 2022

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race

☐    color

☒    gender/sex

☐    religion

☐    national origin

☐    age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Prior to the assault that occurred in November 2022, I reminded fKarl Brown, formerWMATA Assistant Project Manager that I am a 50+ year old, Black woman with adult children. I repeatedly emphasized that I was not interested in his disrespectful conduct. I asked him if he was really willing to jeopardize our jobs by persistently failing to conduct himself as a professional rather an animal with no self control. I asked him if he thought he was exempt from accountability. I asked if his family was aware of his perverted and predatory behavior. I even warned and promised Mr. Brown that if I have to further escalate my complaints about his disgusting behavior, I will make sure that anyone and everyone I encounter will know that he is a pervert and a predator. Nonetheless Mr. Brown periodically told me that my jeans made my booty pop and that I needed to wear more skirts and dresses. He invited me to an offsite happy hour and then advised me everyone cancelled at the last minute. Mr. Brown repeatedly extended invitations to offsite happy hours after work or the weekend. Mr. Brown invited me to his office under the guise of having questions related to preparing for the upcoming renovations scheduled to begin in 2023. In November 2022, Mr. Brown promptly closed the door, shoved a chair aside, grabbed me, restrained me, leaned in to kiss me and told me to kiss him or at least give him a peck. In December 2022, Mr. Brown told me to lay across his desk so he could spank me.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

3/20/2023 EEOC Counselor interview schedule for 7/10/2023 (Charge filed 7/11/2023).

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*_____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

a.    That judgment be granted against Defendant WMATA;
b.    That Plaintiff be awarded damages for all areas of Defendants' harmful conduct;
c.    That Plaintiff be awarded $100,000 for punitive and $200,000 for compensatory damages;
d.    That Plaintiff be awarded reasonable fees, expenses, and costs of this action for having to bring this action;
e.    That Plaintiff be granted further relief as the Court deems proper.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    4/7/2024

Signature of Plaintiff

Printed Name of Plaintiff    Kristal Wortham, 1110 Sargeant Street, Baltimore, MD 21223

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Kristal Wortham,** *Pro Se* | * | Case: 1:24–cv–01018    JURY DEMAND<br>Assigned To : Unassigned |
| **1110 Sargeant Street** | | Assign. Date : 4/7/2024 |
| **Baltimore, MD 21223** | * | Description: Pro se. Gen. Civ. (H–Deck) |
| | | |
| **Plaintiff** | * | **Case No.:**_____ |
| | | |
| **v.** | * | |
| | | |
| **WASHINGTON METROPOLITAN AREA** | | |
| **TRANSIT AUTHORITY (WMATA)** | * | |
| **SERVE ON:** | | |
| **Patricia Y. Lee** | * | |
| **Chief Legal Officer and General Counsel** | | |
| **Office of General Counsel** | * | |
| **Washington Metropolitan** | | |
| **Area Transit Authority** | * | |
| **300 Seventh Street, S.W.** | | |
| **Washington, DC 20024** | * | |
| | | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**COMES NOW,** the Plaintiff, Kristal Wortham, and sues the Defendant, Washington

Metropolitan Area Transit Authority, ("hereinafter Defendant WMATA"), and as a cause of action

states the following:

## COUNT I

_____**(Negligence-Defendant Washington Metropolitan**
**Area Transit Authority)**

1.      The Plaintiff is a resident of the State of Maryland;

2.      WMATA is a transportation authority that coordinates plans for the development,

1

financing and operation of regional transit throughout the national capital region with headquarters located in Washington, D.C.;

3. Jurisdiction of this matter exists pursuant to 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1968, 42 U.S.C. § 2000e, et seq. ("Title VII");

4. That the amount in controversy in this cause exclusive of costs, interests, and attorney's fees is in excess of $70,000.00 and is otherwise within the jurisdiction of this Court;

5. About the summer of 2022 through on or about December 14, 2022, the Plaintiff was performing professional administrative service work during the course of her employment at the WMATA Field Office located at 8100 Professional Place in Hyattsville, Maryland;

6. At all times relevant hereto, Defendant WMATA was responsible for the coordination of day-to-day activities at the WMATA Professional Place Field Office which houses employees and contractors for the Rail and Bus Infrastructure Rehabilitation Department;

7. At all times relevant hereto, Defendant WMATA was responsible for the coordination of day-to-day activities at the WMATA Professional Place Field Office which houses employees and contractors for the Rail and Bus Infrastructure Rehabilitation Department;

8. At all times relevant hereto, Defendant WMATA was responsible for the coordination of day-to-day activities at the WMATA Professional Place Field Office which houses employees and contractors for the Rail and Bus Infrastructure Rehabilitation Department "hereinafter RBIR";

9. At all times relevant hereto, Defendant WMATA was responsible for the coordination of day-to-day activities at the WMATA Professional Place Field Office which houses employees and contractors for RBIR;

10. At all times relevant hereto, Defendant WMATA was responsible for the

2

coordination of day-to-day activities at the WMATA Professional Place Field Office which houses employees and contractors for the Rail and Bus Infrastructure Rehabilitation Department;

11.    C. C. Johnson and Maholtra, P.C. had a contract with Defendant WMATA for professional administrative service work performed by Plaintiff Kristal Wortham;

12.    Plaintiff was employed as a contractor with C.C. Johnson and Maholtra, P.C.;

13.    About the summer of 2022 through on or about December 14, 2022, Defendant WMATA had a non-delegable duty pursuant to statutes, ordinances and safety codes to ensure that its employees incorporated all appropriate safeguards, protective devices, and equipment to reduce hazards to individuals and contractors;

14.    In September 2022, Plaintiff suffered a broken a toe and fractured a knee as the result of an unfortunate accident in the home.  Plaintiff used crutches for approximately five weeks and subjected to temporary suspension of driving privileges during this recovery.  Between September and November 2022, Plaintiff experienced acute and chronic stress when medical treatment was delayed by the treating clinician who was apparently inadequately trained to diagnose a knee fracture;

15.    In November 2022, Plaintiff was diagnosed with a knee fracture and began wearing a knee brace;

16.    ALL of these stressful events coincided with Plaintiff's management of an extensive list of action items intended for day-to-day activities (including but not limited to WMATA holiday party and assistance with coordination of the planned renovation of the 6 suites in the WMATA Professional Place Field Office;

17.    About the summer of 2022 through on or about December 14, 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown willfully and persistently

3

violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.);

18. About the summer of 2022 through on or about December 14, 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown willfully and persistently subjected Plaintiff to an array of discrimination, sexual harassment, emotional distress, and assault;

19. WMATA assistant project managers (including Defendant WMATA's former WMATA Assistant Project Manager Karl Brown) are expected to exercise appropriate discretion as they serve in the role of trusted professionals who would responsibly and effectively uphold organization accountability;

20. August to December 2022 was a particularly stressful period for Plaintiff as they tried to cope with recovery (for self and mother), searching for a new home and receiving notification about Covid-19 exposure when a colleague received a positive diagnosis.

21. In August 2022, Plaintiff's mother was hospitalized for several days during a family visit in Woodbridge, VA and subsequently following mother and her husband back to Delaware upon discharge.

22. Through Defendant WMATA's former WMATA Assistant Project Manager Karl Brown's willful and persistent array of discrimination, sexual harassment, stalking, emotional distress, and assault, WMATA has breached its duty to exercise responsible judgment and reasonable caution;

23. During the summer of 2022 through on or about December 14, 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown knowingly preyed upon Plaintiff during vulnerable recovery from toe and knee injuries with willful and persistent array of discrimination, sexual harassment, stalking, emotional distress, and assault which can be

4

characterized as severe and pervasive conduct;

24.    Despite repeated rejection of and objection to inappropriate conduct (including but not limited to vulgar language) during the summer of 2022 through on or about December 14, 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown continued to subject Plaintiff to inappropriate comments about attire, physical attributes, happy hour invitations;

25.    During the summer of 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown periodically commented that my jeans made 'my booty pop';

26.    Plaintiff specifically reminded Defendant WMATA's former WMATA Assistant Project Manager Karl Brown about his heightened accountability as a Supervisor and Assistant Project Manager for upholding the policies that help maintain a safe environment.

27.    Plaintiff emphasized that she was a 50+ year old woman with adult children and simply not interested in this line of disrespectful conduct; posed rhetorical questions about his willingness to jeopardize our jobs and that the conduct would be reported to everyone if the perverted and predatory behavior did not cease;

28.    In November 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown fabricated an offsite team happy hour and conveniently explained that everyone cancelled at the last minute;

29.    Despite awareness of Plaintiff's knee injury, at some time prior to Thanksgiving in November, 2022, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown asked Plaintiff to stop by the office under the guise of how to prepare for the upcoming move for renovations scheduled to occur in 2023;

30.    Upon entering the office, Defendant WMATA's former WMATA Assistant

Project Manager Karl Brown immediately closed the office door, shoved a chair out of the way, grabbed, and restrained Plaintiff;

31.    Despite awareness of Plaintiff's knee injury, Defendant WMATA's former WMATA Assistant Project Manager Karl Brown told Plaintiff to kiss him or at least give two pecks while under restraint;

32.    Despite repeated rejection and objection, on or about December 14, 2022, Defendant WMATA's former Assistant Project Manager Karl Brown told Plaintiff to lie across the desk for a spanking;

33.    On or about December 15, 2022, Plaintiff notified Jeannette Ford (Consultant for C.C. Johnson & Maholtra, P.C.) as well as Michael Younes (Defendant WMATA's Senior Program Manager at the Professional Place Field Office);

34.    On or about December 18, 2022, Plaintiff was interviewed by Renee Lee (Defendant WMATA's Human Resources/EEO Officer);

35.    Ms. Lee specifically inquired about the activities that led Plaintiff to report conduct by Defendant WMATA's former WMATA Assistant Project Manager Karl Brown;

36.    Ms. Lee specifically inquired about whether a personal relationship existed between Plaintiff and Defendant WMATA's former WMATA Assistant Project Manager Karl Brown;

37.    On or about December 18, 2022; Plaintiff contacted Defendant WMATA's Transit Police Department to file a complaint for assault;

38.    On or about December 21, 2022, Plaintiff filed criminal charges against Defendant WMATA's former Assistant Project Manager Karl Brown in the District Court of Maryland for Prince George's County;

39.     On or about December 21, 2022 Plaintiff submitted application for Emergency Peace Order against Defendant WMATA's former Assistant Project Manager Karl Brown in the District Court of Maryland for Prince George's County;

40.     On or about December 21, 2022 Plaintiff Emergency Peace Order entered against Defendant WMATA's former Assistant Project Manager Karl Brown in the District Court of Maryland for Prince George's County;

41.     On or about December 21, 2022, email notification forwarded to State's Attorney Office for screening request;

42.     Since on or about December 21, 2022, Plaintiff was unequivocally subjected to being retraumatized on nearly a daily basis as she was fully expected to work in the Professional Place Field Office (including the suite where the array of discrimination, sexual harassment, stalking, emotional distress, and assault occurred);

43.     On or about December 22, 2022, Plaintiff received email confirmation for State's Attorney's Office to screen the criminal case;

44.     On or about March 20, 2023, Plaintiff contacted the U.S. Equal Employment Opportunity Commission ("hereinafter EEOC") to schedule an Intake Interview;

45.     EEOC Intake Interview completed on or about July 10, 2023 due to significant backlog and understaffing at the EEOC;

46.     On or about August 18, 2023, Defendant WMATA's former Assistant Project Manager Karl Brown resigned from WMATA;

47.     On August 21, 2023, Defendant WMATA's former Assistant Project Manager Karl Brown accepted a plea offer;

48.     On or about January 25, 2024, Plaintiff received a Right to Sue Letter from the

7

EEOC;

49.     In spite of completing various supervisory trainings (including but not limited sexual harassment training), Defendant WMATA's former WMATA Assistant Project Manager Karl Brown created a hostile work environment by subjecting Plaintiff to willful and persistent array of discrimination, sexual harassment, stalking, emotional distress, and assault in the Professional Place Field Office;

50.     As a result of Defendant WMATA's former Assistant Project Manager Karl Brown's severe and persistent discrimination, Plaintiff suffered painful severe physical, psychological and emotional injuries including but not limited to Post-Traumatic Stress Disorder and heavy bleeding that led to severe depression, nausea, headaches, fatigue, anemia and a subsequent hysterectomy.  All of the injuries suffered by the Plaintiff are the direct and proximate result of the severe and pervasive discrimination, conduct, carelessness and recklessness of the Defendant WMATA and its agents, servants or employees in failing to heed the written guidance, instruction and warnings that were in place to prevent the violations referred to herein.

51.     Defendant WMATA was also negligent in its ongoing practice of facilitating policies and procedures that place the burden upon victims to report violations referred to herein before accepting any level of accountability for any alleged and/or validated discriminatory conduct such as the one which occurred during the summer of 2022 through on or about December 14, 2022.

52.     Defendant WMATA was also negligent in failing to devise policies and procedures that responsibly evaluate its agents, servants, or employees for confidential disclosures about exposure to discriminatory conduct such as the one which occurred during the summer of 2022 through on or about December 14, 2022.

53.     Defendant WMATA's organizational culture and reputation are widely documented by The Washington Metrorail Safety Commission (WMSC).

54.     WMATA is an organization where it has been firmly established that patterns of egregious conduct persists and is tolerated amongst personnel at all levels. Additionally, Defendant WMATA receives legal guidance and counsel on how to proceed with and respond to employment matters and allegations of egregious conduct for several years. As underscored in their memorandum to Patricia Y. Lee, Executive Vice President and General Counsel, WMATA (dated December 9, 2020), Littler Mendelson, PC, concluded that:

> "[d]isrespectful and unprofessional conduct is commonplace in the ROCC. While the investigation did not substantiate allegations in the WMSC Report concerning racial discrimination, employees did report observing conduct that a person could perceive as sexual harassment; use of profanities; and hearing racial and homophobic comments. However, Littler did not substantiate that this conduct stemmed from high-level managers or that high-level managers condoned this behavior."

55.     Defendant WMATA has been documented for being a culture that leaves individuals (especially victims) reluctant to report inappropriate conduct with little or no faith in the possibility of real or meaningful corrective action(s);

56.     In June 2023, Sarah Meyer captured and posted a photo of a male passenger (without consent) on social media with comments pertaining to his seated position while riding Metrorail;



57.     In 2012, Dan Stessel said "[o]ne person's harassment is another person's flirting." while serving as a spokesperson for Defendant WMATA;



58.     WMSC's Audit of the Department of Rail Transportation: Rail Operations Control Center (ROCC)(dated September 8, 2020) specifically cited 1) "…..a toxic workplace culture…that includes racial and sexual comments, harassment, and other unprofessional behavior…" and 2) "Metrorail has not followed its own [ ] management policies…."

59.     Defendant WMATA's culture was a direct and proximate environment where this severe and pervasive conduct by Defendant WMATA's former WMATA Assistant Project Manager Karl Brown persisted at the Professional Place Field Office and caused the Plaintiff,

10

Kristal Wortham, to sustain injury in her body and mind, *inter alia:*

      a.     She sustained injuries to her mind and body (including persistent brain fog, insomnia, monthly uterine bleeding for a duration between 7-21 days that led to a hysterectomy, severe anemia and cognitive deficits) which may be permanent;

      b.     She sustained emotional, mental, and psychological damage and injury, including personality change, which may be permanent;

      c.     The Plaintiff has suffered emotional, mental, and psychological distress, including tremendous isolation, humiliation, embarrassment, and concern about her future;

      d.     She is a completely different person, with a completely different level of energy, level of intellect, level of emotional response, loss of confidence and trust in colleagues as well as strangers along with overall health and well-being before being harassed, stalked and assaulted by Defendant WMATA's former Assistant Project Manager Karl Brown;

      e.     She has endured pain, suffering, and mental anguish;

      f.     She suffers from post traumatic stress disorder, which may be permanent.

60.    That since the willful and persistent array of discrimination, sexual harassment, stalking, emotional distress, and assault are direct and proximate result of the negligence of Defendant, WMATA's former Assistant Project Manager Karl Brown, and the injuries sustained by the Plaintiff, Kristal Wortham lost the full use of her mind and mental capacities, and has suffered a diminution the quality of life, inability or difficulty participating on social activities,

11

withdrawal or partial withdrawal from the ordinary activities of her life, inability and difficulty participating in all of the activities that she formerly enjoyed, including her work, her recreational activities, leisure activities, sleeping, and all other aspects of her life have been significantly compromised as a result of the injuries sustained from the Defendant WMATA's former Assistant Project Manager Karl Brown.

WHEREFORE, the Plaintiff prays for the following:

    a.    That judgment be granted against Defendant WMATA; and

    b.    That Plaintiff be awarded damages for all areas of Defendants' harmful conduct;

## COUNT II

### (Agency/Vicarious Liability-Defendant Washington Metropolitan Area Transit Authority)

61.    That the Plaintiff hereby adopts by reference all facts and allegations in the Counts above;

62.    That Defendant, WMATA is vicariously liable for the negligence acts of its employees which took place within the scope of her employment;

63.    As a direct and proximate result of Defendant's negligence, Plaintiff has experienced difficulty and will in the future, in maintaining gainful employment, Plaintiff has suffered serious and physical, mental and emotional injuries, Plaintiff has incurred in the past as well as present and future medical expenses and loss of earning capacity.

WHEREFORE, the Plaintiff demands judgment against the Defendant WMATA, in the sum

WHEREFORE, the Plaintiff prays for the following:

    a.    That judgment be granted against the Defendant WMATA;

12

b.    That Plaintiff be awarded $100,000 for punitive and $200,000 for compensatory damages;

c.    That Plaintiff be awarded reasonable fees, expenses, and costs of this action for having to bring this action;

## COUNT III

**(Negligence- *Per Se* Defendant Washington Metropolitan Area Transit Authority)**

64.    That the Plaintiff, Kristal Wortham, individually hereby adopts by reference all of the facts and allegations contained in the Counts above;

65.    All of the damages suffered by the Plaintiff as aforesaid are the direct and proximate result of the negligence of Defendant WMATA's former Assistant Project Manager Karl Brown without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff prays as follows:

a.  That Plaintiff be granted further relief as the Court deems proper.

Respectfully submitted,

Kristal Wortham
1110 Sargeant Street
Baltimore, MD 21223
Phone: (202) 599-0297
Email: kristalwortham@yahoo.com

*Pro Se*

13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**Kristal Wortham,** *Pro Se*                        *
**1110 Sargeant Street**
**Baltimore, MD 21223**                             *

    **Plaintiff**                                *        **Case No.:** _____

**v.**                                              *

**WASHINGTON METROPOLITAN AREA**
**TRANSIT AUTHORITY (WMATA)**       *
**SERVE ON:**
**Patricia Y. Lee**                                 *
**Chief Legal Office and General Counsel**
**Office of General Counsel**                       *
**Washington Metropolitan**
**Area Transit Authority**                          *
**300 Seventh Street, S.W.**
**Washington, DC 20024**                            *

    **Defendant**                                *
**********************************************************************************

**REQUEST FOR JURY TRIAL**

The Plaintiff, Kristal Wortham, hereby requests a jury trial on all issues.

---

    Kristal Wortham
    1110 Sargeant Street
    Baltimore, Maryland 212223
    Phone: (202) 599-0297
    Email: kristalwortham@yahoo.com

    *Pro Se*

14